## GRACIE VS. WHITE & WIFE.

It is not necessary that the power to authorize an agent to pay over money for his principal, should be in writing—as where the owner of land sold for taxes, authorizes an agent to pay the taxes, etc., and redeem the land.

*Appeal from Desha Circuit Court in Chancery.*

The Hon. THEODORIC F. SORRELS, Circuit Judge.

WATKINS & GALLAGHER, YELL and WILLIAMS & WILLIAMS, for the appellant.

PIKE & CUMMINS, for the appellees.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was a bill filed by White and wife against Gracie to redeem a tract of land sold for taxes.

The material allegations of the bill are, that the complainants were the owners, by descent from William Woods, the father of Mrs. White, of the north half of sec. 9, T. 9 S. R. 1 west, containing 320 acres and lying in Desha county. That, on the 3d November, 1851, the land was sold by the sheriff of that county for taxes then charged upon it, amounting to $154 03, together with $75, penalty and costs; and purchased by Gracie. That on the 3d October, 1852, and within one year from the date of the sale, the complainants, by their agent, Calvin Stroud, tendered to Gracie the full amount of taxes, penalty and costs paid by him for the land with 100 per cent. thereon, for the purpose of redeeming the land, which he refused to accept.

The complainants offer to pay the redemption money, and bring it into Court: and pray that the sale to Gracie may be set aside, and his title canceled.

The answer of Gracie puts in issue the title of complainants to the land; admits his purchase of it at tax sale as charged; and substantially admits that, on the day stated in the bill, Calvin Stroud tendered him money and offered to redeem the land, but denies that he had any competent legal authority to act for the complainants in the premises, and on that account the tender was refused.

Upon the hearing, the court decreed to complainants the relief sought by the bill, and Gracie appealed.

The complainants being non-residents of the county of Desha when the land was assessed, and sold for taxes, their right to redeem it, at any time within twelve months after the sale, by paying or tendering to Gracie the amount of taxes, penalty, costs, etc., paid by him with 100 per cent. thereon, is not controverted. *Digest chap.* 139, *sec.* 122–3–4, *p.* 890–1.

It appears from the testimony read upon the hearing, that the land was patented to Wm. Woods and his heirs, on the 5th day of February, 1846, by the President of the United States, previous to which time Woods had died, leaving the complainant Mrs. White, his only surviving child and heir.

The question whether the power of attorney executed by the complainants to John P. Stroud, authorizing him to sell the land, was valid and binding on Mrs. White,—in other words, whether a *feme-covert* can execute a valid power to dispose of her land—which has been discussed at length by the counsel of Gracie, does not properly arise in this case, and need not be decided.

The testimony conduces to show that complainants verbally appointed John P. Stroud their agent to redeem the land; that he substituted Calvin Stroud, and that the substitution was ratified by the complainants before the tender was made to Gracie.

The only question really involved in the case, therefore, is whether the tender and offer to redeem the land, made under a verbal appointment, was sufficient; or whether the power had to be in writing. The Statute provides that the redemption money may be paid or tendered to the purchaser of the land, by the owner or his agent or attorney, (*Digest chap.* 139, *sec.* 122,)

but is silent as to how the agency shall be created:—the familiar principles of the common law settle this.

What has the agent to do? He has to execute no instrument, sealed, or otherwise. His duty is merely to pay, or tender the redemption money to the purchaser of the land: and when the money is received by the purchaser, the land is redeemed by operation of law. The statute requires him to make no deed.

We know of no principle of law which requires a written power to authorize an agent to pay over money for his principal.

The decree of the court below is affirmed.